IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER L. COMPTON, JR.,         ) | |
|     Plaintiff,                              ) | Civil Action No. 7:21-cv-00494 |
|                                                   ) | |
| v.                                                  ) | |
|                                                   ) | |
| JUDGE MILAM, *et al.*,                 ) | By: Elizabeth K. Dillon |
|     Defendants.                        ) | United States District Judge |

**ORDER**

Roger L. Compton, a Virginia inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983. He names as defendants two judges from Danville City Circuit Court, a Commonwealth's attorney, two attorneys who represented him in a criminal matter, and the Danville City Jail.

Compton's complaint is brief, but it sets forth a history of incarceration and sentences he received on several different dates. He appears to be arguing that he was improperly denied credit for time he spent in custody. For relief, he asks "that the imposed sentence be suspended," and that he be "given time served for the 12 months not credited" to him. He also asks for compensation for "pain, suffering, [and] taking [his] life that can't be given back." (Compl. at 2, Dkt. No. 1.)

Based on the information he has provided, including a case number, it appears that he is challenging the sentence (or computation of the sentence) imposed in Danville City Circuit Court in case number CR14001174-3.[1] Court documents from that case indicate that his probation was

---

[1] *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

revoked on July 9, 2021, and he was sentenced to two years, five months, with none of that time suspended, to be served consecutive to another sentence.

Compton's challenge to his state criminal sentence, or to the improper computation of that sentence based on a failure to give him credit for time he spent in custody, cannot be brought in a § 1983 action. Instead, the proper vehicle for such a challenge is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The court declines to construe his complaint as a § 2254 petition, however, because even if it did so, it would have to summarily dismiss the petition based on Compton's failure to exhaust his available state court remedies.[3]

A federal court may not grant a § 2254 habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Compton claims that he is not receiving the proper credit to his sentence is a habeas claim that could be raised in Virginia's courts. *Carroll v. Johnson*, 685 S.E.2d 647, 652 (Va. 2009) (explaining that if the duration of the petitioner's confinement would be directly affected by the entry of an order granting relief, then the claim sounds in habeas and may be brought in a habeas petition in Virginia courts). Compton does not indicate that he has ever brought this issue before the Supreme Court of Virginia. Moreover, records from the Supreme Court of Virginia confirm that it has not addressed any cases filed by Compton since he filed a petition for appeal from a

---

[2] To the extent Compton is seeking financial compensation as a result of his allegedly wrongful sentence, his claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (explaining that if granting relief on a civil claim would necessarily call into question the validity of an outstanding criminal judgment, then the civil case cannot proceed unless the conviction has been reversed, expunged, or otherwise declared invalid).

[3] A petition may be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases if it is clear from the petition that a petitioner is not entitled to relief.

criminal case in 2017. Thus, he has not challenged his July 2021 sentence before that court at all, either on direct appeal or in a habeas petition.

Furthermore, the option of filing a state habeas petition is still available to Compton. In particular, Compton's time limit for filing a state court habeas action challenging this particular has not expired. Pursuant to Virginia Code Ann. § 8.01-654(A)(2), Compton has one year to file a state habeas raising a claim that he has been denied earned credits or that his sentence has been improperly calculated. The one-year period begins at the time his "cause of action accrues." Va. Code Ann. 21 8.01-654(A)(2). This court and others have held that the cause of action for this type of habeas claim accrues at the time that the petitioner discovers the improper denial of credit or discovers the error in his sentence calculation. *E.g., Wallace v. Jarvis*, 726 F. Supp. 2d 642, 645–46 (W.D. Va. 2010); *Speller v. Johnson*, Civil Action No. 3:09CV463, 2012 WL 1038624, at *7 (E.D. Va. Mar. 27, 2012). Here, the error could not have been discovered before the revocation sentence was even imposed, in July 2021, and so his one-year period for filing a habeas claim in state court has not yet expired.

As a result, this court should dismiss and allow him to pursue his claims in state court. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (where a petitioner has not yet exhausted claims in state court but is not barred from doing so, a federal court must dismiss the habeas petition without prejudice and allow him to exhaust his state-court remedies).

Compton has two options under Virginia law to exhaust. First, he may file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he may file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Compton ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from

3

that court before a federal district court can consider them on the merits under § 2254. *Slayton*, 404 U.S. at 54.

## CONCLUSION

For the foregoing reasons, Compton's claims are not properly asserted in § 1983 complaint, but should be raised in a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, after he exhausts his available state court remedies. His complaint is therefore DISMISSED WITHOUT PREJUDICE, and the Clerk is directed to STRIKE this case from the active docket of this court. It is further ORDERED that all pending motions are DENIED as moot.

The clerk is DIRECTED to send a copy of this order to Compton.

Entered: April 13, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge